In the United States District Court
for the Southern District of Georgia
Augusta Division
FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUN 17 A 11: 20
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| JOHN D. WATKINS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| SOUTHEASTERN NEWSPAPERS, INC., d/b/a/ THE AUGUSTA CHRONICLE, | : | |
| Defendant. | : | NO. CV104-127 |

## O R D E R

Plaintiff, John D. Watkins, filed the above-captioned case against Defendant, Southeastern Newspapers, Inc., doing business as the Augusta Chronicle (the "Chronicle"), for copyright infringement under the Copyright Act, codified at 17 U.S.C. §§ 101-1101. The case is before the Court on Defendant's renewed motion for summary judgment. Because no material facts are in dispute and Defendant is otherwise entitled to judgment as a matter of law , the motion will be **GRANTED**.

AO 72A
(Rev. 8/82)

**BACKGROUND**

In the 1960s, Watkins was an attorney active in Augusta's civil rights movement. Watkins helped coordinate Dr. Martin Luther King, Jr.'s, visit to Augusta on March 24, 1968, securing Beulah Grove Baptist Church to host the event. Watkins had his secretary, Alberta Johnson, take a picture when King was speaking. The photograph depicts King at the church podium, and Watkins, along with others, on the stage nearby ("1968 photograph" or "1968 picture").

In January 1998, Watkins met with a photographer from the Chronicle, Kathy Moore-Lengell, at his office. The evidence shows that Moore-Lengell obtained a "copy shot,"[1] of the 1968 picture at this time. Watkins avers that this action was taken by Moore-Lengell without his knowledge or consent.

In 2000, Watkins wrote a book entitled <u>King's Last Visit to Augusta: He Was Persona Non Grata</u>. The Chronicle interviewed Watkins about his book, and on August 27, 2000, an article about the book, along with the 1968 photograph, appeared in the print edition of the newspaper. On January 18, 2004, the Chronicle published an article about Dr. King. On

---

[1] In the photography trade, a "copy shot" is described as a picture of a picture by itself.

this date, the 1968 picture was featured near the article, both in the print and online editions of the newspaper.

Additionally, the Chronicle offered the 1968 picture for sale on its website. According to affidavits filed by Rhonda Hollimon and Conan Gallaty, both Chronicle employees, the 1968 picture is no longer for sale on the internet, and no copies were ever sold.

In Count I of his complaint, Watkins alleges that the Chronicle engaged in copyright infringement in 2000 and 2004 by selling the newspapers containing the 1968 photograph. In Count II, Watkins avers that the Chronicle infringed on his copyright by offering the 1968 photograph for sale on the internet. Watkins also states a common law claim for plagiarism, asserting that the Chronicle's act of offering the 1968 picture for sale represented falsely to the public that it was part of the Chronicle's own archive collection.

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any

3

material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor. . . ", United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

## **DISCUSSION**

Under the Copyright Act, "original works of authorship" are protected once "fixed in any tangible medium of expression[,]" even if unpublished. 17 U.S.C.A. § 102 (1996). Works that are made for hire, unless otherwise agreed, are considered the property of the employer. 17 U.S.C.A. § 101 (2004 Supp.); 17 U.S.C.A. § 201(b) (1996).

The use of a work without the copyright owner's permission constitutes copyright infringement. 17 U.S.C.A. § 106 (1996); 17 U.S.C.A. § 501(a) (2004 Supp.). Where direct proof of

AO 72A
(Rev. 8/82)

copying is not available, courts accept circumstantial proof that the defendant had access to the plaintiff's work and that the two works are substantially similar. E.g., Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946).

Prior to instituting a civil action for infringement, a domestic copyright owner must register the work with the United States Copyright Office. 17 U.S.C.A. § 411(a) (2004 Supp.). This is a jurisdictional requirement, not a prerequisite to obtaining a protectable interest. M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1488-89 (11th Cir. 1990).

In its renewed motion for summary judgment, Defendant contends that Plaintiff's copyright claims are barred because Watkins has not registered the 1968 picture with the U.S. Copyright Office. In support of its argument, Defendant submitted a letter from the U.S. Copyright Office showing that Watkins' book had not been registered with the Office.

In Watkins' response, he asserts that this letter is inadmissible hearsay, and that the letter has not been authenticated.

The Court must reject Watkins' contentions. First, the Federal Rules of Evidence provide that a public record or report may be admitted into evidence, as an exception to the

5

hearsay rule. Fed. R. Evid. 803(8).[2]  Second, a public record may be self-authenticating under the Federal Rules of Evidence.

Specifically, Rule 902 provides that:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

Consequently, a public record or document bearing a seal is deemed authentic in federal court. The document that the Chronicle submitted from the Copyright Office bears a prominent seal in the upper left-hand corner, which states: "Seal of the

---

[2] The rule provides that:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
. . .
(8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

AO 72A
(Rev. 8/82)

United States Copyright Office 1870." This letter demonstrates that Watkins has not met the jurisdictional prerequisite of registration to maintain a suit for copyright infringement.

The Chronicle is also entitled to summary judgment on Watkins' common law plagiarism claim. The Copyright Act of 1976 provides, in pertinent part:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C.A. § 301(a) (1996).

The 1968 photograph, and Watkins' book, are within the scope of § 102(a)(1) & (5), and the rights that allegedly were infringed are within the scope of § 106 (1), (3), & (5) (the right to copy, distribute, and publicly display the work). Watkins' state law claim is preempted by the Copyright Act. See also Daboub v. Gibbons, 42 F.3d 285, 289 (5th Cir. 1995); Crow v. Wainwright, 720 F.2d 1224, 1225-26 (11th Cir. 1983).

**CONCLUSION**

For the reasons explained above, Defendant's motion for summary judgment is **GRANTED**. <u>See</u> Doc. No. 28. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this 17th day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)